IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKIE STALLINGS, ) <br> ) <br> Plaintiff, ) <br> ) No. 3:21-cv-00397 <br> v. ) <br> ) JUDGE RICHARDSON <br> BLEDSOE COUNTY CORRECTIONAL ) MAGISTRATE JUDGE NEWBERN <br> COMPLEX, *et al.*, ) <br> ) <br> Defendants. ) | |

## **MEMORANDUM OPINION**

Rickie Stallings, formerly an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee and now an inmate of the West Tennessee State Penitentiary in Henning, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Bledsoe County Correctional Complex and Warden Shawn Phillips, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### **I. PLRA STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws...." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

The complaint alleges that, while Plaintiff was incarcerated at the Bledsoe County Correctional Complex for an unspecified period of time, he sent multiple "sick call" requests regarding his vision and dental needs, a ruptured disc, pinched nerves, and tuberculosis. (Doc. No.

1 at 4). Plaintiff was experiencing pain in his lower back and trouble eating, he needed dentures, and he was unable to see. According to the complaint, "Medical has only replied verbally that these doctors haven't existed for over a year." (*Id.*) Plaintiff sent a request to Warden Phillips regarding his concerns, and the Warden never responded. According to Plaintiff, the Board of Parole mandated that he complete "therapeutic community," which Plaintiff states "will be impossible to do without eyeglasses." (*Id.* at 5).

As relief, the complaint seeks a court order transferring Plaintiff to the DeBerry Special Needs Facility and directing Warden Phillips to bring the facility up to state standards.

### IV. ANALYSIS

The complaint names as Defendants the Bledsoe County Correctional Complex and Warden Phillips in his individual and official capacities. (Doc. No. 1 at 3-4). With respect to the Warden, the complaint alleges that he "is ultimately responsible for all staff and actions at Bledsoe Correctional." (*Id.* at 4).

First, the Bledsoe County Correctional Complex is a building, not a "person" who can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against the Bledsoe County Correctional Complex, and all claims against the Bledsoe County Correctional Complex will be dismissed.

Plaintiff's claims against Warden Phillips in his individual capacity are based on Phillips's role as Warden and his failure to respond to Plaintiff's grievance. A Section 1983 plaintiff must

3

identify the right or privilege that was violated and the role of the defendant in the alleged violation. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (to establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"). Here, however, the complaint does not allege that the Warden had direct participation in medical or dental care decisions regarding any particular inmate, including Plaintiff.

To the extent that Plaintiff is attempting to hold Warden Phillips liable for the conduct of his subordinates because "he is ultimately responsible for all staff and actions" at the facility, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Id.* At a minimum, a Section 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinates. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted). The complaint does not allege that the Warden encouraged any instance of misconduct related to Plaintiff or was otherwise directly involved in it. Neither does the complaint allege that Warden "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of a subordinate. *Id*. Simply, there are no allegations in the complaint connecting Warden to Plaintiff's health care in any way other than the fact that he is the warden of the facility where Plaintiff is incarcerated.

Although Plaintiff alleges that Warden Phillips failed to respond to Plaintiff's grievances, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for Section 1983 liability. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (explaining that "a prisoner has no constitutional right to an effective prison grievance procedure" and, to the extent that plaintiff's claims are "premised on the mishandling of his grievances[,]" he failed to state a claim under Section 1983); *Crockett v. Davidson Cty. Sheriff's Dep't*, No. 3:19-cv-00545, 2019 WL 5592546, at *3 (M.D. Tenn. Oct. 30, 2019). Consequently, the complaint fails to state Section 1983 claims upon which relief can be granted as to Warden Phillips in his individual capacity. These claims will be dismissed.

Finally, Plaintiff also sues Warden Phillips in his official capacity. Such a claim is equivalent to a claim against the entity that employs the Warden, in this case the Tennessee Department of Corrections (TDOC). *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). "TDOC is an arm of the state of Tennessee for purposes of Eleventh Amendment immunity." *Primm v. Tenn. Dep't of Corr.*, No. 3:15-cv-00230, 2017 WL 1210066, at *5 (M.D. Tenn. Mar. 31, 2017) (citing *Owens v. O'Toole*, No. 3:14-cv-02040, 2014 WL 5846733, at *3 (M.D. Tenn. Nov. 12, 2014)). Sovereign immunity therefore applies. *See, e.g., Carter v. Bell*, No. 3:10-0058, 2010 WL 3491160, at *4 (M.D. Tenn. Sept. 1, 2010) (holding that the Riverbend Warden "as an employee of [TDOC], represents the State of Tennessee"); *Arauz v. Bell*, No. 3:06-0901, 2007 WL 2457474, at *2 (M.D. Tenn. Aug. 24, 2007) (adopting report and recommendation holding that Riverbend employees are "employees of [TDOC]"). Tennessee's sovereign immunity protects TDOC from official capacity claims for

money damages. *Jones v. Mays*, No. 3:19-cv-00795, 2020 WL 5106760, at *5 (M.D. Tenn. Aug. 31, 2020). However, Plaintiff Stallings does not seek money damages.

There are only three exceptions to the general rule of sovereign immunity: (a) where a state has waived its immunity and has consented to be sued in federal court, *see Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)); (b) where Congress validly abrogates sovereign immunity through its enforcement powers pursuant to the Fourteenth Amendment to the United States Constitution, *see Seminole Tribe of Florida*, 517 U.S. at 57-73; *Quern v. Jordan*, 440 U.S. 332, 340) (1979) (collecting cases)); and (c) where a plaintiff sues state officials in their official capacities seeking only prospective injunctive relief for a continuing violation of federal law, *see Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 269 (1997); *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 904 (6th Cir. 2014). The first two exceptions do not apply: Congress has not abrogated Eleventh Amendment immunity under Section 1983, and Tennessee has not waived it or consented to suit under Section 1983. *Primm*, 2017 WL 1210066, at *5 (citing *Owens*, 2014 WL 5846733, at *3); *Burrell v. Tenn. Dep't of Human Servs.*, No. 94-5754, 1995 WL 314891, *2 (6th Cir. May 23, 1993) (per curiam); *Heithcock v. Tenn. Dep't of Children's Servs.*, No. 3:14-cv-2377, 2015 WL 4879107, at *6 (M.D. Tenn. Aug. 14, 2015). However, Plaintiff seeks prospective injunctive relief of the nature that may implicate *Ex Parte Young*. "[D]emands for injunctive relief are properly brought against a TDOC official in his official capacity." *Hall v. Trump*, No. 3:19-cv-00628, 2020 WL 1061885, at *2 (M.D. Tenn. Mar. 5, 2020) (citing *Will*, 491 U.S. at 71 n.10). The Court thus considers whether Plaintiff has properly stated such a claim.

Under Section 1983, the state of Tennessee cannot be held liable for injunctive relief under a theory of respondeat superior or vicarious liability. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Rather, a plaintiff must allege: (1) that he or she suffered a constitutional violation; and (2) that a policy or custom of TDOC or the state of Tennessee directly caused the violation. *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. 658, 690-92). In other words, "[a] plaintiff seeking to impose liability under [Section] 1983 must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged," such that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Phillips v. Shelton*, No. 2:18-cv-00077, 2019 WL 429679, at *4 (M.D. Tenn. Feb. 4, 2019) (quoting *Burns v. Robertson Cty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) and *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Here, Plaintiff does not attribute his alleged harms to any particular TDOC or Tennessee policy. The complaint contains no allegations regarding any TDOC policy being a moving force behind any alleged injury to Plaintiff. In fact, the factual allegations of the complaint do not mention TDOC policies at all. Further, Plaintiff was relocated to another facility after the filing of his complaint. Accordingly, Plaintiff's official capacity claims for injunctive relief against Warden Phillips will be dismissed for failure to state a Section 1983 claim upon which relief can be granted.

The Court notes, however, that some of Plaintiff's allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. Therefore, taking into consideration Plaintiff's pro se status and the allegations of the complaint—particularly the

7

allegations that Plaintiff received no medical or dental treatment whatsoever for conditions including tuberculosis while incarcerated at the Bledsoe County Correctional Complex—Plaintiff will be permitted to amend his complaint, if he so desires, to name an additional defendant or defendants with regard to his Eighth Amendment allegations.

## V. CONCLUSION

Having conducted the screening required by the PLRA, the Court determines that the complaint fails to state claims upon which relief can be granted under Section 1983 against the named Defendants. Therefore, this action is subject to dismissal.

However, Plaintiff will be permitted to amend his complaint, if he so desires, to name an additional defendant or defendants with regard to his Eighth Amendment allegations. He must do so within 30 days of entry of this Memorandum Opinion and accompanying Order; otherwise, this case will be dismissed.

An appropriate Order shall be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE